UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAY NERO,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner Social
Security Administration,

Defendant.

Case No. 3:11-cv-00919-TC

FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge:

Plaintiff Jay Nero seeks review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits under Title II of the Social Security Act. For the following reasons, I recommend that this court reverse the Commissioner's decision and remand for further proceedings.

**Background**

Born in 1956, claimant has a high school education. (tr. 8-9). He has past relevant work experience as a utility worker for the City of Tualatin, which claimant describes as flushing and

Page 1 - FINDINGS AND RECOMMENDATION

serving water hydrants throughout the city. (tr. 9, 115). Claimant was employed in this position from 1987 to 2005. Id. He alleges disability beginning February 25, 2005 because of low back pain, back spasms and left leg pain. (tr. 96, 114). At the time of the alleged disability onset date, claimant was 48 years old, which falls within the younger person category. 20 C.F.R. § 404.1563(c). Claimant subsequently moved into the next age category, "closely approaching advanced age," when he turned 50 years old on September 17, 2006. Id. at 404.1563(d).

Claimant filed for disability insurance benefits on February 22, 2008. (tr. 27, 94-99). The claim was denied initially and upon reconsideration. (tr. 38-41, 48-50). On August 28, 2009, a hearing was held before Administrative Law Judge (ALJ) Mark R. Dawson, where claimant was present, represented by counsel and testified. (tr. 5-21). On November 4, 2009, ALJ Dawson issued a decision finding claimant not disabled from February 25, 2005 through the date of the ALJ's decision. (tr. 24-35). On June 10, 2011, the Appeals Council declined review, making the ALJ's decision the final decision of the Commission. (tr. 1). Subsequently, claimant filed a complaint in this court.

## Disability Analysis

The Commissioner engages in a sequential process ranging between one and five steps in determining whether an individual is disabled under the Act. Bowen v. Yukert, 482 U.S. 137, 140 (1987).

Step one requires the ALJ to determine if the claimant is performing any gainful activity. If he is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ must determine if the claimant has a "severe medically determinable physical and mental impairment" that meets the twelve month duration requirement. Id. at § 404.1520(a)(4)(ii). If the claimant does not

Page 2 - FINDINGS AND RECOMMENDATION

have such an impairment, he is not disabled. At step three, the ALJ determines whether the severe impairment (or a combination of impairments) meets or equals a "listed" impairment in the regulations. Id. at § 404.1520(a)(4)(iii). If the ALJ determines the impairment (or combination of impairments) equals a listed impairment, then the claimant is disabled. If the adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular basis, despite the limitations imposed by his impairments. Id. § 404.1520(a)(4)(e). The ALJ uses this information to determine if the claimant can perform past relevant work at step four. Id. § 404.1520(a)(4)(iv). If the claimant cannot perform his past relevant work, the ALJ must determine if the claimant can perform other work in the national economy at step five. Id. § 404.1520(a)(4)(v); Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant bears the initial burden of establishing disability. Id. at 1098. If the analysis reaches the fifth step, the burden shifts to the Commissioner to show that jobs within the claimant's RFC exist in the national economy. Id. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g).

## The ALJ's Findings

At the first step of the five step sequential evaluation process outlined above, the ALJ found that claimant had not engaged in substantial gainful activity since the Feb. 25, 2005 alleged onset date. (tr. 29). At the second step, the ALJ found that claimant had the following severe impairment: degenerative changes, L5/S1. Id. At the third step, the ALJ found that claimant's impairment did not meet or equal the requirements of a listed impairment. (tr. 29-30).

Because claimant did not establish disability at step three, the ALJ assessed claimant's RFC based on all the relevant medical and other evidence in the record. (tr. 30). The ALJ found that claimant had the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). Id.

At the fourth step, the ALJ found that claimant's past relevant work as a utility worker was medium work level, which exceeds claimant's light work capacity, and claimant was therefore found unable to perform any past relevant work. (tr. 34). At the fifth step, the ALJ considered claimant's RFC, age, education and work experience and found that jobs exist in significant numbers in the national economy that the claimant could perform. Id. Based on these findings, the ALJ determined that claimant was not disabled within the meaning of the Act from February 25, 2005, through the date of the ALJ's decision and, accordingly, not entitled to disability insurance benefits. (tr. 35).

## Standard

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff was based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits

Page 4 - FINDINGS AND RECOMMENDATION

shall not be overturned even if there is enough evidence in the record to support a contrary decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## Discussion

Claimant asserts that the ALJ's decision to deny claimant disability benefits contained errors of law and was not supported by substantial evidence. (Pl.'s Opening Br. 3-11.) Specifically, claimant details five errors in the administrative decision: (1) finding claimant not credible; (2) rejecting the opinion of treating physician Dr. David Koon; (3) rejecting part of the opinions of state agency consultants Dr. Richard Alley and Dr. Martin B. Lahr; (4) failing to consider the testimony of claimant's wife, Sandra Nero; and (5) failing to adequately consider the medical evidence of non-exertional limitations and failing to rely on the testimony of a vocational expert. Id.

### 1.  Credibility

Claimant contends that the ALJ's credibility findings were not supported by substantial evidence in the record and that the reasons provided by the ALJ for discrediting his testimony were inadequate. (Pl. Opening Br. 7-10).

When a claimant has objective medical evidence of an impairment that could reasonably be expected to produce some degree of symptoms, and the record contains no affirmative evidence of malingering, "the ALJ's reasons for rejecting pain testimony must be clear and convincing," Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). Further, these reasons must be supported by specific

Page 5 - FINDINGS AND RECOMMENDATION

findings based on the record. Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995), see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; the ALJ must state what "testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons given by the ALJ must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza, 50 F.3d at 750.

Since there is no affirmative evidence of malingering, the ALJ may reject claimant's testimony only by offering specific, clear and convincing reasons. Smolen, 80 F.3d at 1281. The ALJ discusses claimant's credibility and ultimately rejects claimant's testimony. (tr. 31) The ALJ relies on claimant's daily activities, noting that claimant's description of his fairly limited daily activities could not be objectively verified and were "outweighed by other factors discussed in this decision." Id. The ALJ also notes that claimant's previous employer, the City of Tualatin, discontinued claimant's disability payments finding that claimant's condition had improved and that he could work as an order clerk or a surveillance monitor. Id. Finally, the ALJ points out that claimant did not seek medical treatment from April 2005 through May 2007, indicating that claimant's impairment may not be as severe as he alleges. Id. These three issues will be discussed in reverse order.

First, the ALJ's statement that claimant "did not seek medical treatment from April 29, 2005 to early May 2007, as there are not any medical records reflecting any treatment during that time..." (Id.) is factually incorrect. According to Exhibit 2F, claimant did seek medical treatment twice in

2006: once on May 22, 2006 and once on May 30, 2006. (tr. 212-215).[1] Therefore, to the extent that the ALJ relied on the two year gap in medical treatment in making his decision, that fact is not supported by evidence in the record.

Second, the ALJ appears to give some weight to the City of Tualatin's decision to discontinue claimant's disability payments after two years and the City's determination that claimant could work as an order clerk or a surveillance monitor. (tr. 31, 263). In determining whether to consider the disability decision of another agency, and how much weight the other agency's decision should be given, the ALJ must consider the similarities and differences between the standards employed by the Social Security Administration and those of the other agency. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002); see also Desrosiers, 846 F. 2d at 576. Here, there is no evidence in the record as to the standard used by the City of Tualatin to determine claimant's disability status. The only evidence in the record of the City of Tualatin's decision is from exhibit 10F, a 2008 medical report by Dr. Joseph Black of North Portland Primary Care Clinic where Dr. Black noted that claimant told him that he was receiving disability payments for two years until the City "apparently said he was better, could be 'an order clerk, surveillance monitor' with comparable wages." (tr. 263). The record does not contain any documents or decisions from the City of Tualatin. Therefore, the record is silent as to the standard that the City of Tualatin used in determining claimant's disability status. Without any information about the methods employed by the City of Tualatin, the City's disability determination should not be given any weight.

---

[1]Another section of the ALJ's decision includes an analysis of the 2006 medical reports from Dr. Koon (tr. 32) so it appears that the ALJ did review and consider these reports when formulating his decision. However, the ALJ inadvertently assigned 2007 dates to these office visits, rather than 2006 dates.

Page 7 - FINDINGS AND RECOMMENDATION

Finally, the ALJ also discredited claimant's testimony because claimant's limited daily activities could not be objectively verified and were outweighed by other factors discussed in the ALJ's decision. (tr. 31) The balancing test applied by the ALJ is not an appropriate legal standard. In addition, the reason stated is not sufficiently specific.

In sum, the reasons provided by the ALJ for discrediting claimant's testimony are not legally sufficient and are not supported by substantial evidence in the record.

## 2. **Treating Physician Dr. David Koon**

Claimant argues that the ALJ improperly rejected the opinion of treating physician Dr. David Koon. (Pl.'s Opening Br. 3-5). In disability benefits cases, there are three sources of medical opinions: those from treating, examining and non-examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's opinion. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001) (citing Lester, 81 F.3d at 830). When a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830 (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1987)). If the treating doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Id. (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ is not required to accept the opinion of a doctor that is not supported by clinical findings, or is brief or conclusory. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)). In addition, an ALJ may reject a treating physician's opinion if the opinion is premised on the claimant's subjective complaints, and the ALJ has already

validly discounted the claimant's complaints. Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989); see also Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005).

In this case, the ALJ determined that Dr. Koon was a treating physician and that his opinion is contradicted by those of other doctors. The treating physician, Dr. Koon, opined that claimant should be placed "at sedentary work, alternate sitting and standing. No lifting, bending, twisting, kneeling, crouching." (tr. 214). This opinion was contradicted by Dr. Rodney Dodge at an April 14, 2005 fit for duty examination where Dr. Dodge stated that claimant can lift up to 50 to 60 lbs. (tr. 219-220). Dr. Koon's opinion was also contradicted by consulting physicians Drs. Alley and Lahr who both reviewed claimant's medical records and found that claimant could do light work with postural limitations. (tr. 256, 277). Because Dr. Koon's opinion was contradicted by other doctors' opinions, the ALJ may reject Dr. Koon's opinion by providing specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830.

The ALJ agreed with Dr. Koon's opinion that claimant could work, however the ALJ assigned limited weight to the degree of limitation imposed by Dr. Koon. (tr. 32). The ALJ assigned limited weight to Dr. Koon's recommendation of sedentary work, stating that Dr. Koon "relied too much on the claimant's subjective complaints, not having yet obtained a magnetic resonance imaging (MRI) of the lumbosacral spine, and because it is inconsistent in degree of limitation to the medical evidence." (tr. 32).

The ALJ improperly discredited Dr. Koon's opinion. The ALJ is permitted to discredit a treating physician's opinion that is premised on the claimant's subjective complaints if the claimant's complaints have been validly discounted. Fair, 885 F.2d at 605. However, here, claimant's complaints were improperly discounted and therefore Dr. Koon's opinion should not be discredited

Page 9 - FINDINGS AND RECOMMENDATION

to the extent that his opinion relies on claimant's subjective complaints.

The ALJ also assigned limited weight to Dr. Koon's opinion because Dr. Koon had not yet obtained an MRI of claimant's lumbosacral spine. (tr. 32). However, Dr. Koon's report dated May 22, 2006 suggested that he did review past medical records including a 2002 MRI of the lumbar region. (tr. 213, 262). Further, the record indicates that claimant did not obtain an updated MRI because the treatment was denied by claimant's insurance and claimant could not afford the treatment. (tr. 210, 212). The Ninth Circuit disfavors a denial of benefits due to claimant's failure to seek treatment if the reason the treatment was not obtained was lack of funds. Cf. Smolen, 80 F.3d at 1284 (reversing the ALJ's decision to reject claimant's testimony due to claimant's lack of treatment when claimant could not afford treatment); Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995) (where claimant provides good reason for not taking medication, such as claimant's inability to afford the medication, the fact that claimant is not taking medication is not a clear and convincing reason for discrediting her testimony). For these reasons, I find that the ALJ's decision to discredit Dr. Koon's opinion because the doctor had not yet obtained an MRI is not legitimate and is not supported by substantial evidence in the record.

For the reasons stated above, I find that the ALJ failed to provide specific and legitimate reasons for discrediting Dr. Koon's opinion and that the reasons stated were not supported by substantial evidence in the record. I therefore find that the ALJ erred in assigning limited weight to Dr. Koon's opinion.

3.     **State Agency Consultants Dr. Richard Alley and Dr. Martin B. Lahr**

Claimant argues that the ALJ failed to provide clear and convincing reasons for rejecting a portion of the medical opinion of State Agency Consultant Dr. Richard Alley, an opinion that was

Page 10 - FINDINGS AND RECOMMENDATION

affirmed by State Agency Consultant Dr. Marting Lahr. (Pl. Opening Br. 5-6). ALJs are required to consider the findings of State agency medical consultants, however ALJs are not bound by findings made by State agency consultants. SSR 96-6p, available at 1996 WL 3474180, *2.

The ALJ assigned "significant weight to the opinions of Dr. Alley and Dr. Lahr as they are consistent with the medical evidence of record, except that the postural limitations seem to be wholly dependent on the claimant's subjective allegations and on those points and thus that portion of the claimant's opinion is given limited weight." (tr. 33).

I find that the ALJ erred in limiting the weight given to the medical opinions of Dr. Alley and Dr. Lahr to the extent that the ALJ relied on claimant's subjective allegations in making his determination. For the reasons stated above, the ALJ's assessment of claimant's credibility was legally inadequate and therefore cannot be relied on as a reason to discredit a portion of Drs. Alley and Lahr's opinions.

### 4. Lay Witness Testimony

Claimant asserts that the ALJ improperly failed to consider the testimony of claimant's wife, Ms. Nero. (Pl. Opening Br. 6-7). Lay testimony as to a claimant's symptoms is competent evidence that the ALJ must consider, unless the ALJ expressly decides to disregard such testimony, in which case the ALJ "must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919. A lay witness's testimony regarding a medical diagnosis that conflicts with the medical evidence may be disregarded without comment. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). However, a lay witness's testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work cannot be disregarded without comment. Id.

Here, the record contains written lay witness testimony by claimant's wife in which she

Page 11 - FINDINGS AND RECOMMENDATION

testified to claimant's symptoms and how his impairment affects his daily activities and ability to work. (tr. 150-157). The ALJ failed to set forth reasons as to why he discounted Ms. Nero's testimony. In fact, the ALJ failed to mention Ms. Nero's testimony, thereby providing no indication that Ms. Nero's testimony was reviewed. The Commissioner concedes this error. (Def.'s Br. 9-10). On remand, the ALJ must consider the testimony of lay witness Ms. Nero.

### 5. Testimony from a Vocational Expert

Claimant assigns error to the ALJ's decision to disregard evidence of postural limitations and argues that the ALJ therefore erred in failing to call a vocational expert. (Pl. Opening Br. 10-11). If, on remand, the ALJ determines that postural limitations do exist, the ALJ may use the grid (Medical-Vocational Guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2) as a framework for decision-making, but should also consider the additional resource of a vocational expert. SSR 83-14, available at 1983 WL 31254, at *4.

### 6. Remand

The ALJ erroneously evaluated claimant's testimony, failed to evaluate the testimony of Ms. Nero, and improperly discredited the opinions in part of Drs. Koon, Alley and Lahr. Because the RFC does not account for this potentially credible testimony, the RFC assessment is erroneous.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009); Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate where there is no useful purpose to be served by further proceedings or where the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Holohan, 246 F.3d at 1210;

Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

The Ninth Circuit has established a three part credit-as-true analysis to determine "when evidence should be credited and an immediate award for benefits directed." Harman, 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id. (Citation omitted). Where it is not clear that the ALJ would be required to award benefits were the improperly rejected evidence credited, the court has discretion whether to credit the evidence. Connett v. Barnhart, 340 F.3d 871, 976 (9th Cir. 2003).

In this case, it is unclear whether a finding of disability would be required on the record before the court. The ALJ failed to articulate legally sufficient reasons for rejecting claimant's testimony, Ms. Nero's testimony, and the opinions of Drs. Koon, Alley and Lahr. Given these errors, it is unclear whether a finding of disability would be required. In addition, if claimant's testimony, Ms. Nero's testimony or the opinions of the doctors were credited as true, the existence of postural limitations would preclude the use of the Grids and require testimony from a vocational expert. Therefore, the award of benefits is inappropriate. Harman, 211 F.3d at 1180. The matter must be remanded for further proceedings addressing the improperly evaluated evidence discussed above. Id. The ALJ must consider whether the reevaluated evidence requires a new RFC. If postural limitations are found to exist, the ALJ must also obtain additional testimony from a vocational expert.

///

## Conclusion

For the forgoing reasons, I recommend that this court REVERSE the Commissioner's final decision and REMAND this matter for further proceedings consistent with this opinion.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 6f day of Sept, 2012.

THOMAS M. COFFIN
United States Magistrate Judge